[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this dissolution of marriage action, the plaintiff and the defendant are at odds over financial and visitation issues.[1] The plaintiff husband who is now 26 and the defendant wife who is now 25 were married on August 25, 1990. The marriage has broken down irretrievably and it is hereby dissolved.
Their minor child Alyssa was born on March 18, 1990. Between the time of Alyssa's birth and the date of the marriage, the parties also shopped for a house, which was purchased in May, 1990. The monies that were used to purchase the home came from the savings of the plaintiff, a small personal injury settlement fund of the defendant, and a substantial infusion of financial assistance from the plaintiff's father. The property, which is in the sole name of the plaintiff, served as the marital residence. It is a three family dwelling in which the plaintiff currently makes his home. The defendant and the minor child have resided elsewhere for the last year and a half.
The plaintiff is a Connecticut state Police Officer. Formerly he was the part owner of a restaurant in Branford in which the defendant worked for a time. She is a high school graduate who intends to further her education and become certified as an X-ray technician. She believes that between working, going to school, and caring for Alyssa, she can reach this goal in two to three years.
It would serve no useful purpose to recount the unfortunate circumstances that led to the final decision of these parties to separate from one another. The court believes that both parties entered into the marriage with good will. This is not the first marriage that the court has seen succumb to the pressures of young parenthood and unrealistic expectations. The court does not attribute significant fault to either party in the breakdown of the marriage.
The plaintiff's year to date gross earnings for 1994 through October 28 was $32,852. Certain of his deductions are voluntary or flexible as to amount, and his overtime, contrary to the testimony that it was all due to the rugged 1994 winter, has been spread throughout the year. The court finds the plaintiff husband to be currently earning an annualized net salary, with modest overtime, CT Page 12568 of approximately $34,000 per year, for purposes of calculating child support.
The court finds that the defendant has an earning capacity of $175 per week during this period of time when Alyssa is beginning her first school years and the defendant is pursuing further educational and job training options.
Having considered all of the evidence, and mindful of the case law and the requirements of the Connecticut General Statutes, the court makes the following awards:
1. Custody of the minor child Alyssa is awarded to the defendant wife with rights of reasonable visitation to the plaintiff husband. The husband is to provide no less than 48 hours notice of his intention to exercise visitation. The court declines to enter any orders restricting with whom the husband may associate during the visits.
2. The plaintiff shall pay the defendant $150 per week as child support, which is in accordance with the child support guidelines. The court finds an arrearage of $600 as of November 14, 1994, and orders that this be paid at the rate of $10 per week.
3. The plaintiff shall pay alimony to the wife of $100 per week, commencing January 1, 1995, and ending June 30, 1997. This alimony award shall terminate upon the death of the husband, the death of the wife, her remarriage, or her cohabitation as defined in Conn. Gen. Stat. § 46b-86. The award shall not be modifiable otherwise as to term or amount.
4. The plaintiff shall provide comprehensive group health insurance as is available through his employment for the benefit of the minor child. Any medical, hospital, dental, optical, psychotherapeutic, and prescription pharmacological expenses for the minor child shall be shared equally by the parties. Any such expenses as are now outstanding for the minor child or for the defendant shall be submitted promptly to the parties' insurer for payment, and any expenses not covered shall be shared equally as well. These orders incorporate the provisions of Conn. Gen. Stat. § 46b-84(c).
5. Should the defendant exercise an election under COBRA to maintain her existing health insurance coverage through the plaintiff's employment, she shall be responsible to pay one-half of CT Page 12569 the cost of such premiums and the defendant shall pay one-half of the cost, but in no event shall the plaintiff have any further responsibility to pay any premiums on her behalf after the termination of his alimony obligation.
6. The plaintiff shall designate the child during her minority to be the beneficiary of such life insurance as he currently has in force.
7. As a division of the estates of the parties, the plaintiff shall pay to the defendant the sum of $12,500 on or before December 31, 1999. This sum shall accrue simple annual interest of 6% on the outstanding balance until fully paid. Further, he shall pay counsel fees in the sum of $1500 on or before May 1, 1995.
8. The alimony and child support orders are payable by immediate wage withholding.
Patty Jenkins Pittman, Judge